UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 23-10877-GAO

25 ROUTE 28, INC.,
Plaintiff,

v.

AUDI OF AMERICA, INC.,
Defendant.

OPINION AND ORDER
March 27, 2024

O'TOOLE, D.J.

Plaintiff 25 Route 28, Inc., d/b/a Audi Cape Cod ("Audi Cape Cod"), is an authorized Audi-brand dealership. This action arises out of a controversy between Audi Cape Cod and manufacturer Audi of America, Inc. ("Audi") concerning the rate at which Audi is contractually required to reimburse Audi Cape Cod for repairs performed by the dealer under a standard warranty. Under the contract relationship of the two parties, Audi Cape Cod requested that Audi pay a warranty labor rate of $330.31 per hour. Audi rejected that request and instead proposed $177.45 per hour. Audi Cape Cod in turn rejected Audi's proposed rate and commenced this action. Audi Cape Cod alleges that Audi violated three distinct provisions of Massachusetts General Laws Chapter 93B, which regulates in various respects the automobile manufacturer-dealership relationship. Before the Court is Audi's motion to dismiss some, but not all, of the claims set forth in the amended complaint.

Count I presents the issue at the heart of this lawsuit: whether Audi Cape Cod's requested warranty labor rate was "inaccurate or unreasonable." See Mass. Gen. Laws ch. 93B, § 9(b)(2)(ii). Recognizing that it bears the burden of proof on this issue, Audi asks the Court to dismiss Count I

only in part—as it relates to declaratory relief sought by the plaintiff in the alternative. Audi seeks complete dismissal of Counts II and III, brought respectively under Sections 4(a) and 9(b)(2)(vii) of Chapter 93B. The Court denies Audi's motion as to Count I.

In Count II, Audi Cape Cod accuses Audi of violating Section 4(a) of the statute by denying its warranty labor rate request in an "arbitrary, . . . bad faith, or unconscionable" manner. (Compl. ¶ 72 (dkt. no. 24).) However, neither Section 4(a) (nor a related provision in Section 3(a)) provide Audi Cape Cod with a separate cause of action for the warranty rate claim properly asserted in Count I. It is a common legal maxim that a specific provision governs over a general one. See, e.g., Brown v. Gen. Servs. Admin., 425 U.S. 820, 834 (1976) ("In a variety of contexts the Court has held that a precisely drawn, detailed statute pre-empts more general remedies."). Here, Sections 3(a) and 4(a) are general provisions that make no mention of warranty labor rates. Conversely, Section 9(b)(2)(ii) provides a highly specific provision pertaining to warranty labor rate determinations.[1] Given the specificity with which the legislature has detailed this order of operations in Section 9(b)(2)(ii), it is evident that this provision, alleged in Count I, provides Audi Cape Cod with the proper vehicle for its action. To hold otherwise and permit plaintiffs to instead bring warranty labor rate disputes under Sections 3(a) and 4(a) would allow for the circumvention of the precise procedures set forth in Section 9(b)(2)(ii).

The same reasoning applies to Count III. In Count III, Audi Cape Cod alleges that Audi has violated a separate Chapter 93B subsection, 9(b)(2)(vii), which prohibits manufacturers from requiring or influencing a dealer to change its prices for retail customer repairs. Because Section

---

[1] First, a dealer submits a warranty labor rate request based on the average retail labor rate. Then, within thirty days of submission, the manufacturer must decide whether to accept this rate or choose to audit, rebut, and propose an adjusted rate. Finally, within thirty days of the manufacturer's counterproposal, should the dealer disagree with the adjusted rate, it may initiate a lawsuit. Mass. Gen. Laws ch. 93B, § 9(b)(2)(ii).

9(b)(2)(ii) directly addresses the controversy over warranty labor rates, there is no need to invoke a somewhat similar regulation elsewhere in Chapter 93B.

Accordingly, the Court agrees with Audi as to Counts II and III and dismisses those claims in their entirety. Audi's motion for partial dismissal of Count I is denied because the declaratory relief at issue may or may not be implicated in the final disposition of this suit.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>United States District Judge